NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

DEC 5 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

GABRIELA VALENTE-MORALES;
YASSARE OTERO-AVILA; A. Y. O.-V.,

Petitioners,

v.

PAMELA BONDI, Attorney General,

Respondent.

No. 25-1529

Agency Nos.
A246-610-199
A246-610-197
A246-610-198

MEMORANDUM*

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted December 1, 2025**
Pasadena, California

Before: GOULD, BEA, and BADE, Circuit Judges.

Petitioners Gabriela Valente-Morales, Yassare Otero-Avila, and their minor

child are natives and citizens of Mexico. They petition for review of a decision of

the Board of Immigration Appeals ("BIA") dismissing their appeal of the denial of

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

their applications for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). The BIA affirmed the decision of an Immigration Judge ("IJ") who found that Petitioners did not establish that they had suffered past persecution, that they had an objectively reasonable fear of future persecution, and they failed to establish the requisite state action needed for CAT protection.

We have jurisdiction under 8 U.S.C. § 1252. We review the agency's denial of asylum, withholding of removal, and CAT protection under the substantial evidence standard. *Yali Wang v. Sessions*, 861 F.3d 1003, 1007 (9th Cir. 2017). We deny the petition.

(1) Substantial evidence supports the agency's determination that Petitioners were not eligible for asylum because they failed to establish that they experienced past harm rising to the level of persecution, or an objectively reasonable fear of future persecution. *See* 8 U.S.C. § 1101(a)(42).

Substantial evidence supports the BIA's determination that Petitioners failed to demonstrate past persecution. Although Petitioners contend that there were threats made to Yassare Otero-Avila, we conclude that the evidence does not compel the conclusion that those threats rise to the level of past persecution. *See Duran-Rodriguez v. Barr*, 918 F.3d 1025, 1028 (9th Cir. 2019).

Substantial evidence also supports the BIA's determination that Petitioners

failed to demonstrate an objectively reasonable fear of future persecution. *See*

*Sharma v. Garland*, 9 F.4th 1052, 1065 (9th Cir. 2021) (concluding that that

possibility of future persecution was "speculative" in the absence of evidence that

the alleged persecutors had a "continuing interest" in the petitioner).

(2) To qualify for withholding of removal, an applicant must satisfy a more

stringent standard and demonstrate that it is "more likely than not" they would be

persecuted on account of a protected ground if returned to the designated country.

8 C.F.R. § 1208.16(b)(2). Because Petitioners have not established eligibility for

asylum, it necessarily follows that they have not established eligibility for

withholding. *See Mansour v. Ashcroft*, 390 F.3d 667, 673 (9th Cir. 2004).

(3) Substantial evidence also supports denial of CAT relief. To qualify for

CAT relief, a petitioner must establish that "it is more likely than not that he or she

would be tortured if removed to the proposed country of removal." 8 C.F.R.

§ 1208.16(c)(2). As the agency found, Petitioners have not been tortured in the

past, and Petitioners have not shown any such future harm would be "by, or at the

instigation of, or with the consent or acquiescence of, a public official acting in an

official capacity or other person acting in an official capacity." *Id*.

§ 1208.18(a)(1); *Dhital v. Mukasey*, 532 F.3d 1044, 1051 (9th Cir. 2008) (per

curiam). Although Petitioners submitted country conditions reports to support

their contention that there is rampant corruption in the police forces in Mexico and

ongoing problems with impunity, a generalized showing of police corruption does not compel the conclusion that Petitioners are more likely than not to be tortured with the government's participation or acquiescence if returned to Mexico.  *See Ruiz-Colmenares v. Garland*, 25 F.4th 742, 751 (9th Cir. 2022).

**PETITION DENIED.**[1]

---

[1] The temporary stay of removal remains in place until the mandate issues.  The motion for stay of removal is otherwise denied.  *See* Dkt. No. 2.